Receipt number AUSFCC-7832488

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| JASON QUINTANAR ) <br> ) <br> DARYL SCHERMERHORN ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> THE UNITED STATES ) <br> ) <br> Defendant. ) <br> _____ ) | CASE NO. __22-446 C__ <br><br> (Judge _____) |

## **COMPLAINT**

1. Plaintiffs are current and former employees of Defendant United States at the Department of Homeland Security, Federal Emergency Management Agency ("FEMA"), who were assigned to assist with disaster recovery efforts in Louisiana following Hurricane Ida in 2021. Plaintiffs bring this action on behalf of themselves, and other employees similarly situated for backpay and other relief pursuant to 29 U.S.C. § 207, 29 U.S.C. § 216(b), 28 U.S.C. § 1346(a)(2), 29 U.S.C. § 1331, 28 U.S.C. § 1491, 5 U.S.C. § 5596, the overtime provisions of Title 5 of the U.S. Code, 5 U.S.C. § 5541, *et. seq.*, 41 C.F.R. § 300, *et seq.*, and 41 C.F.R. § 301, *et seq.* to remedy the Defendant's willful and unlawful violations of federal law complained of herein. Representative Plaintiffs Quintanar and Schermerhorn also bring this action as a class action on behalf of themselves and all others similarly situated pursuant to Rule 23 of the Rules of the Court of Federal Claims.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1346(a)(2), 28 U.S.C. § 1331, 28 U.S.C. § 1491, and 29 U.S.C. § 216(b). Venue is proper pursuant to 28 U.S.C. § 1402.

## PARTIES

3. Each of the Plaintiffs in this action is an "employee" within the meaning of Title 5 of the U.S. Code, specifically 5 U.S.C. §§ 2105, 5102, and 5041, and within the meaning of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 203(e)(1).

4. Each of the Plaintiffs is a current or former Reservist, also known as a "Disaster Survivor Assistant," employed by the Department of Homeland Security, Federal Emergency Management Agency. Plaintiffs have given their written consent to be party-plaintiffs in this action pursuant to 29 U.S.C. § 216(b). Plaintiffs' consent forms are attached hereto as Exhibit A. These written consent forms set forth each Plaintiff's name and home address.

5. Defendant United States is, and at all material times has been, an employer under Title 5 of the U.S. Code, specifically 5 U.S.C. §§ 5102 and 5541. Defendant United States also is, and at all material times has been, a "public agency" and "employer" within the meaning of the FLSA, 29 U.S.C. § 203(x) and § 203(d). Defendant employs, or has employed, the Plaintiffs and other employees in similar activities and has its principal place of business in Washington, D.C.

## FACTS

6. At all times material herein, Plaintiffs and Class members have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq.*

7. At all times material herein, Plaintiffs worked in excess of the hourly levels specified in the FLSA, 29 U.S.C. § 207, and, as a result, at all times material herein were entitled to overtime compensation at a rate of not less than one and one-half times their regular rate of pay for all the hours or work in excess of eight (8) hours in a day and/or in excess of 40 hours in a workweek

8. From August 26, 2021, through September 3, 2021, Hurricane Ida struck Louisiana as a Category 4 hurricane, causing massive destruction, flooding, and displacement.

9. As a result, on August 29, 2021, FEMA officially declared Hurricane Ida as a "disaster" labeled 4611-DR-LA. FEMA deployed Reservists to Louisiana to aid in the recovery efforts of the communities affected by Hurricane Ida. The project lasted approximately 9 to 11 weeks.

10. At all of the times material herein, and from approximately September 6, 2021, to November 15, 2021, Plaintiffs worked as FEMA Reservists (i.e., "Disaster Survivor Assistant") and/or in related positions and were assigned to provide disaster recovery services in Louisiana in 2021 following Hurricane Ida. At all times material herein, while working in these positions, each of the Plaintiffs worked hours in excess of 40 hours per week and/or eight hours a day.

11. Plaintiffs' job duties as Disaster Survivor Assistants following Hurricane Ida involved addressing disaster survivors' immediate and emerging needs by canvassing affected communities to enroll survivors into FEMA assistance programs. Plaintiffs drove to and from the affected area, reviewed pertinent emails, and coordinated with management. Plaintiffs performed these job duties while working in Louisiana in 2021.

12. At all times material herein, the schedule for the FEMA Reservists started as 12-hour shifts, 7 days a week at the beginning of a deployment. As the deployment progressed, the hours tapered off as did the number of days per week. A month in, the schedule was typically 10-hour shifts, 7 days a week. By the end of the deployment, the scheduled hours were eight-hour shifts, five days a week.

13. At all times material herein, Plaintiffs, and Class members similarly situated to Plaintiffs, were employed by the Defendant to provide services in Louisiana following Hurricane Ida in 2021. At various times, Defendant suffered or permitted the Plaintiffs in this action, and those similarly situated to Plaintiffs, to work at least 2 hours and 45 minutes to 3 hours and 15 minutes each shift, and sometimes more, before and after their scheduled shift times and during their unpaid meal periods without compensating Plaintiffs and those similarly situated for this work time.

14. Defendant has deprived the Plaintiffs and other similarly situated Class members of overtime compensation by failing to compensate them for the time that Defendant has suffered or permitted them to engage in pre-shift work activities.

15. On a daily basis, Plaintiffs began their unpaid pre-shift work when they began performing a mandatory review of the daily notes provided by FEMA in preparation for their onsite time. Plaintiffs spent approximately 15-30 minutes each day performing this work task without compensating Plaintiffs for this work time.

16. The compensable (but unpaid) workday continued when Plaintiffs drove to their assigned affected community from their assigned duty station (i.e., the hotel selected by FEMA). The distance between the hotel and the onsite work location was more than 50 miles and frequently required an hour and a half to an hour and 45 minutes of drive

4

time daily. The employees received no FLSA compensation for this task and were required to use their own time for their time traveling from their assigned duty station to the onsite locations.

17.     While working in Louisiana in 2021, Plaintiffs were assigned a government vehicle that they were required to drive from their hotel to various onsite locations to which they were required to travel during their workday. Plaintiffs were not compensated for traveling from their duty station to these onsite locations when the travel occurred prior to the Plaintiffs' scheduled shift.

18.     Defendant has also deprived Plaintiffs and other similarly situated employees and Class members of overtime compensation by failing to compensate them for the time that Defendant has suffered or permitted them to engage in post-shift work activities.

19.     On a daily basis, Plaintiffs ended their day with unpaid post-shift work when they reviewed the notes from their day, managed the day's emails, and completed mandatory administrative tasks after arriving back at their assigned duty station (i.e., the hotel). Plaintiffs spent approximately 30-60 minutes each day performing these post-shift work tasks. Defendant failed to pay Plaintiffs for any post-shift work performed at the hotel.

20.     At all times material herein, Plaintiffs were scheduled to receive a 30-minute, unpaid meal period. However, Plaintiffs regularly failed to receive a duty-free meal period and continued performing their job duties through their unpaid meal period on 3 to 4 days a week, on average, or more depending on the work needs in the week. Specifically, Plaintiffs were required to remain at their onsite work location during their

meal period and continued to perform their regular job duties, including, but not limited to, gathering and reviewing their progress from the morning with other FEMA staff and Plaintiffs' crew leads. Plaintiffs were not relieved from duty during their meal periods, and they did not receive compensation for performing work during this time.

## CLASS ACTION ALLEGATIONS

21. Representative Plaintiffs Quintanar and Schermerhorn bring this action as a class action pursuant to Rule 23 of the Rules of the Court of Federal Claims on behalf of themselves and a Class defined as follows: "All Reservists and/or Disaster Survivor Assistants employed by the Federal Emergency Management Agency and deployed to perform disaster recovery services in Louisiana following Hurricane Ida in 2021."

22. There are at least approximately 500 members of the Class. Thus, the Class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, Class members are known to Defendant, are readily identifiable by the Defendant, and can be located through Defendant's work and payroll records.

23. There are numerous questions of law and fact common to the members of the Class, including but not limited to:

(1) Whether Defendant failed to compensate the Representative Plaintiffs and Class members for all pre-shift (including time spent traveling over 50 miles from their official duty station), post-shift, and meal period work performed while assigned to provide disaster recovery services in Louisiana in 2021;

(2) Whether the Representative Plaintiffs and Class members have suffered monetary damages by failing to receive their lawful wages while assigned to perform disaster recovery services in Louisiana in 2021;

(3) Whether Defendant's actions in failing to compensate the Representative Plaintiffs and Class members in accordance with the FLSA and Title 5 were not in good faith so as to avoid the otherwise mandatory imposition of liquidated damages; and

(4) Whether as a result of the violations of the FLSA and Title 5, Representative Plaintiffs and Class members are entitled to an award of attorneys' fees and costs.

24. The claims of Representative Plaintiffs Quintanar and Schermerhorn are typical of all Class members, and they have the same interest in this matter as all members of the Class.

25. Representative Plaintiffs Quintanar and Schermerhorn are adequate Class representatives, are committed to pursuing this action, and in the undersigned attorneys, they have retained competent counsel experienced in wage and hour law and class action litigation.

## COUNT I

### FAILURE TO PROPERLY COMPENSATE EMPLOYEES
### FOR THE ENTIRE CONTINUOUS WORKDAY

26. Plaintiffs hereby incorporate by reference Paragraphs 1 through 25 in their entirety.

27. Section 7(a) of the FLSA, 29 U.S.C. § 207(a), provides that an employer—including the United States—shall compensate its employees at a rate not less than one

and one-half times their regular rate for each hour employed in excess of 40 hours per workweek. In addition, section 551.501 of Part 5 of the Code of Federal Regulations, 5 CFR § 551.501, provides that federal agency employers such as the Federal Emergency Management Agency shall compensate their employees at a rate of not less than one and one-half times the employees' regular rate of pay for all hours of work in excess of eight hours in a day and/or 40 hours in a workweek. At all or some of the times material herein, Plaintiffs and other similarly situated Class members have been entitled to FLSA overtime pay for all hours of work in excess of eight hours in a day and/or 40 hours in a work week.

28.     At times material herein, Plaintiffs and Class members worked for Defendant and were assigned to provide disaster recovery services in Louisiana following Hurricane Ida in 2021. At all times material herein, each of the Plaintiffs and Class members worked in excess of 40 hours per week and/or eight hours a day, because they performed uncompensated pre-shift (including travel time), meal period, and/or post-shift work.

29.     Because Defendant failed to count as compensable work time any suffered or permitted pre-shift, meal period, and post-shift work tasks performed by FEMA Reservists, Plaintiffs and Class members have not been compensated for all hours of work as required by the FLSA and Title 5.

30.     In addition, under the FLSA, time spent traveling is considered hours of work if "an employee is required to travel during regular working hours." 5 C.F.R § 551.422(a)(1); 5 C.F.R. § 551.401(h). Thus, the time that Plaintiffs and Class members spent traveling to their worksite during their continuous workday is compensable. As a

result, Defendant has violated the rights of these employees as set forth under the law and regulations.

31.  By failing and refusing to pay Plaintiffs and other employees and Class members who are similarly situated the overtime pay required under law, the Defendant has violated, in a willful and intentional manner, the provisions of the FLSA and Title 5. As a consequence, at all times material herein, Plaintiffs and Class members have been unlawfully deprived of overtime compensation and other relief for the maximum statutory period allowed under federal law.

32.  As a result of the Defendant's willful and purposeful violations of the FLSA and Title 5, there have become due and owing to each of the Plaintiffs and Class members various amounts that have not yet been precisely determined. The employment and work records for each Plaintiff and Class member are in the exclusive possession, custody and control of Defendant and its public agencies, and Plaintiffs are unable to state at this time the exact amounts owing to each of them and to Class members. Defendant and its public agencies are under a duty imposed by the Government Accounting Office retention schedule, 29 U.S.C. § 211(c), and various statutory and regulatory provisions, to maintain and preserve payroll and other employment records with respect to Plaintiffs and other employees and Class members similarly situated from which the amount of Defendant's liability can be ascertained.

33.  Pursuant to 29 U.S.C. § 216(b), Plaintiffs and Class members are entitled to recover liquidated damages in an amount equal to their back pay damages for the Defendant's failure to pay overtime compensation.

34. Pursuant to the Back Pay Act, 5 U.S.C. § 5596, Plaintiffs and Class members are entitled to recover interest on their back pay damages for the Defendant's failure to pay them overtime compensation.

35. Plaintiffs and Class members are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b) and 5 U.S.C. § 5596, as well as other applicable laws and regulations.

## COUNT II

### FAILURE TO PROPERLY COMPENSATE EMPLOYEES FOR TRAVEL MORE THAN 50 MILES FROM THEIR OFFICIAL DUTY STATION

36. Plaintiffs hereby incorporate by reference Paragraphs 1 through 35 in their entirety.

37. The FLSA and Title 5 provide that time spent in a travel status is considered hours of work where an employee is required to travel "on a one-day assignment away from the official duty station." 5 C.F.R. § 551.422(a)(3); 5 C.F.R. § 550.112(g)(1). An employee travels away from the official duty-station when they travel outside of a 50-mile radius from that duty station. 5 C.F.R. § 551.422(d); 5 C.F.R. § 550.112(j).

38. The FLSA and Title 5 also provide that time that an employee is "required to drive a vehicle or perform other work while traveling" constitutes hours of work. 5 C.F.R. § 551.422(a)(2).

39. While providing disaster recovery services in Louisiana in 2021, Plaintiffs and Class members were required to drive more than 50 miles away from their official duty station during their regularly scheduled administrative workweek and/or during regular overtime work. As such, because Defendant has failed to count as compensable hours of employment the time spent traveling from Plaintiffs' hotel to their onsite location

over 50 miles away, Defendant has failed to compensate Plaintiffs and Class members as required by the FLSA and Title 5.

40. Defendant has violated the provisions of the FLSA and Title 5 by failing to properly compensate Plaintiffs and Class members for overtime work consisting of traveling more than 50 miles from their official duty station. As a result, Defendant has violated the rights of these employees as set forth under the law and regulations.

41. By failing and refusing to pay Plaintiffs and other employees and Class members who are similarly situated compensation for time spent traveling on a one-day assignment away from their duty station as required under law, the Defendant has violated, in a willful and intentional manner, the provisions of the FLSA and Title 5.  As a consequence, at all times material herein, Plaintiffs and Class members have been unlawfully deprived of overtime compensation and other relief for the maximum statutory period allowed under federal law.

42. As a result of the Defendant's willful and purposeful violations of the FLSA and Title 5, there have become due and owing to each of the Plaintiffs and Class members various amounts that have not yet been precisely determined. The employment and work records for each Plaintiff and Class member are in the exclusive possession, custody and control of Defendant and its public agencies, and Plaintiffs are unable to state at this time the exact amounts owing to each of them and to Class members. Defendant and its public agencies are under a duty imposed by the Government Accounting Office retention schedule, 29 U.S.C. § 211(c), and various statutory and regulatory provisions, to maintain and preserve payroll and other employment records

with respect to Plaintiffs and other employees and Class members similarly situated from which the amount of Defendant's liability can be ascertained.

43.     Pursuant to 29 U.S.C. § 216(b), Plaintiffs and Class members are entitled to recover liquidated damages in an amount equal to their back pay damages for the Defendant's failure to pay overtime compensation.

44.     Pursuant to the Back Pay Act, 5 U.S.C. § 5596, Plaintiffs and Class members are entitled to recover interest on their back pay damages for the Defendant's failure to pay them overtime compensation.

45.     Plaintiffs and Class members are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b) and 5 U.S.C. § 5596, as well as other applicable laws and regulations.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on their own behalf and on behalf of other Class members and similarly situated employees, pray that this Court:

(a) Enter judgment declaring that the Defendant has willfully and wrongfully violated its statutory obligations, and deprived each of the Plaintiffs and Class members of their rights;

(b) Order a complete and accurate accounting of all the compensation to which the Plaintiffs and Class members are entitled;

(c) Award each Plaintiff and Class member liquidated damages equal to their unpaid compensation, plus interest;

(d) Award Plaintiffs and Class members their reasonable attorneys' fees to be paid by the Defendant, and the costs and disbursements of this action; and

(e) Grant such other relief as may be just and proper.

Dated: April 19, 2022                    Respectfully submitted,

*/s/ T. Reid Coploff*
T. Reid Coploff
McGILLIVARY STEELE ELKIN LLP
1101 Vermont Avenue, N.W., Suite 1000
Washington, D.C.  20005
(202) 833-8855
trc@mselaborlaw.com

*Attorney of Record for Plaintiffs*

Sarah M. Block
Sophia Serrao
McGILLIVARY STEELE ELKIN LLP
1101 Vermont Avenue, N.W., Suite 1000
Washington, D.C.  20005
(202) 833-8855
smb@mselaborlaw.com
ss@mselaborlaw.com

*Of Counsel for Plaintiffs*